**IN THE DISTRICT COURT OF THE UNITED STATES FOR THE**

**MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **CRIMINAL ACTION NO.** |
| **v.** | ) | **2:15cr199-MHT** |
| | ) | **(WO)** |
| **ELDRICK DEON McNEAL** | ) | |

**OPINION AND ORDER**

**Defendant Eldrick Deon McNeal is now before the court for sentencing for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Defense counsel has moved for a psychiatric evaluation, contending and citing evidence to suggest that McNeal may suffer from a mental disease or defect bearing on the appropriate disposition of this case.[*] The government does not object to this evaluation.**

---

[*] McNeal's original motion (doc. no. 55) was made pursuant to 18 U.S.C. § 4244(b). However, at a hearing held on the record on November 25, 2015, defense counsel orally amended her motion to be made pursuant to 18 U.S.C. §§ 4241(b) and 3552(b); she later orally clarified that she was no longer requesting that an evaluation be conducted pursuant to 18 U.S.C. § 4244(b).

The court therefore orders the following: (1) an evaluation pursuant to 18 U.S.C. § 4241(b) of whether McNeal is currently suffering, and at any time since these criminal proceedings were initiated has suffered, "from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense"; and (2) a presentence study of McNeal's mental health pursuant to 18 U.S.C. § 3552(b), for the purpose of assisting the court in fashioning an appropriate sentence in the event that McNeal is found competent.

## I.  Background

According to records of inpatient psychiatric treatment in 2002, McNeal suffers from "significant learning deficits" and "auditory processing deficits,"

and displays an "overall pattern of borderline intellectual functioning." He has been hospitalized several times and prescribed psychotropic medication (including an anti-psychotic). He has a "history of hallucinations."

## II.  Competency Evaluation

A court may order a competency evaluation on a defendant's motion, or sua sponte, "at any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant," if there is "reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."  18 U.S.C. § 4241(a).  The court may order a defendant to be committed for a reasonable

period to the custody of the Attorney General to be placed in a suitable Bureau of Prisons facility for this competency examination. 18 U.S.C. §§ 4241(b) and 4247(b).

In this case, based on the representations made by McNeal's counsel in his motion and during a conference call held on the record on November 24, 2015, and a hearing held on the record on November 25, 2015, the court finds that there is reasonable cause to believe that McNeal may not be competent.

The court will, therefore, order McNeal committed to the custody of the Attorney General for further evaluation by the Bureau of Prisons, pursuant to 18 U.S.C. §§ 4241(b) and 4247(b). The examination must be completed within a reasonable period of time not to exceed 30 days; the director of the facility to which McNeal is committed may apply for a reasonable extension not to exceed 15 days. 18 U.S.C. § 4247(b).

Once the examination is complete, the examiner shall prepare a report, and file this report with the court and with counsel.  This report should include a description of the psychological and medical tests administered and their results; the examiner's findings, diagnosis, and view as to the prognosis of McNeal's mental condition; and the examiner's opinions as to whether, given the demands that may be made on McNeal throughout the pendency of this prosecution, he has been, since the initiation of these criminal proceedings, and is currently able to assist properly in his defense.

If, after this evaluation, the court finds that McNeal is incompetent, the court will then be required to commit him to the Attorney General's custody, and he will be hospitalized for treatment in a suitable facility in order to determine whether there is a substantial probability that, in the foreseeable

future, he will attain sufficient capacity to permit the proceedings to go forward.  18 U.S.C. § 4241(d)(1).

### III.  Presentence Study

In addition to the above study, the court also orders a mental-health evaluation pursuant to 18 U.S.C. § 3552(b), for the purpose of assisting it in fashioning an appropriate sentence if McNeal is found competent.

"Although district court are no longer bound to follow the Sentencing Guidelines after <u>United States v. Booker</u>, 543 U.S. 220 (2005), they still must consult the Guidelines and take them into account when sentencing defendants."  <u>United States v. Todd</u>, 618 F. Supp. 2d 1349, 1352-53 (M.D. Ala. 2009) (Thompson, J.).  The court must calculate the applicable range of sentences recommended by the Guidelines.  The court may

6

then decide to impose a sentence outside of the Guidelines system, commonly known as a "variance."

The court is bound, however, to impose a sentence that is reasonable. The factors set forth in 18 U.S.C. § 3553(a) guide the court's determination of the reasonableness of a sentence. Those factors are (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence imposed to punish the offender, protect the public from the defendant, rehabilitate the defendant, deter others, and provide educational or vocational training and medical care; (4) the kinds of sentences available; (5) the sentencing range established by the Sentencing Guidelines; (6) any pertinent policy statements issued by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who

7

have been found guilty of similar conduct; and (8) the need for restitution.  18 U.S.C. § 3553(a).

U.S. Probation officers routinely prepare presentence investigation reports to assist the court during sentencing pursuant to 18 U.S.C. § 3552(a). However, 18 U.S.C. § 3552(b) also authorizes the court to order a "study of the defendant" if it "desires more information than is otherwise available to it as a basis for determining the sentence to be imposed."  18 U.S.C. § 3552(b).  The evaluation period "shall be no more than sixty days."  Id.  However, the court may grant an extension for "an additional period of not more than sixty days."  Id.  The court here desires a report on how McNeal's mental health impacts any or all of the eight sentencing factors listed above.

While a presentence study ordinarily "shall be conducted in the local community by qualified consultants," the statute also authorizes the court to

order that the study be done by the Bureau of Prisons upon the finding of a "compelling reason."  In this case, the court finds that the fact that McNeal is already in the custody of the Bureau of Prisons and will be examined by its mental-health professionals for the purposes of a competency evaluation constitutes a compelling reason to order that the presentence study be conducted by the Bureau of Prisons as well.

\* \* \*

Accordingly, it is ORDERED as follows:

(1) Defendant Eldrick Deon McNeal's motion for evaluation (doc. no. 55) is granted as further set out below.

(2) The Attorney General shall identify a placement for defendant McNeal for the evaluations described in this order.

9

(3) With regard to the competency evaluation pursuant to 18 U.S.C. § 4241(b):

(A) Defendant McNeal will be examined for a reasonable period not to exceed 30 days from the date of admission or arrival at the appropriate facility by a licensed or certified psychiatrist or psychologist, pursuant to the provisions of 18 U.S.C. §§ 4241(b) and 4247(b) and (c).  The director of the facility at which defendant McNeal is evaluated may thereafter apply for a reasonable extension not to exceed 15 days.

(B) A psychiatric or psychological report shall be filed with the court pursuant to the provisions of 18 U.S.C. §§ 4241(b) and 4247(b) and (c).  The report shall include an opinion as to whether defendant McNeal is currently suffering, and at any time since the initiation of these criminal proceedings has suffered, from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to

understand the nature and consequences of the proceedings against him or to assist properly in him defense.

(4) With regard to the presentence study pursuant to 18 U.S.C. § 3552(b):

(A) The examining psychiatrist or psychologist shall evaluate defendant McNeal's psychological condition for the purposes of sentencing and shall include his or her findings in either the competency evaluation or in a separate report to be presented to this court within 60 days of defendant McNeal's admission to the facility. The court, in its discretion, may thereafter extend the period of evaluation for no more than 60 additional days.

(B) In particular, the study shall address how defendant McNeal's mental health impacts the sentencing factors set forth in 18 U.S.C. § 3553(a), as well as

any other matters the Bureau of Prisons believes are pertinent to those factors.

DONE, this the 30th day of November, 2015.

                                  /s/ Myron H. Thompson
                              **UNITED STATES DISTRICT JUDGE**