IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:15cr199-MHT |
| | ) | (WO) |
| ELDRICK DEON McNEAL | ) | |

OPINION AND ORDER

This cause is before the court on defendant Eldrick Deon McNeal's oral motion to continue, made on the record on April 21, 2017. For the reasons set forth below, the court finds that jury selection and trial, now set for May 15, 2017, should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, <u>United States v. Stitzer</u>, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or

> indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant." § 3161(h)(1)(A). The Act also excludes any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant ... reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and McNeal in a speedy trial. Based on McNeal's representations on the record, he requires additional time to complete an updated examination of his competency, after which time the court will need to hold a hearing to determine his mental competency. Although an examination and report on McNeal's competency was last prepared in February 2017, there is some concern that McNeal may be decompensating since that time. Accordingly, a continuance is warranted to allow McNeal's counsel the opportunity to locate an expert for the purposes of conducting the updated examination, prepare for the hearing on McNeal's mental competency, and subsequently prepare for jury selection and trial.

The government does not object to a continuance.

\*\*\*

Accordingly, it is ORDERED as follows:

(1) Defendant Eldrick Deon McNeal's oral motion for continuance (doc. no. 92), made on the record on April 21, 2017, is granted.

(2) The jury selection and trial for defendant McNeal, now set for May 15, 2017, are reset for September 5, 2017, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 21st day of April, 2017.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**