IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:15cr199-MHT |
| | ) | (WO) |
| ELDRICK DEON McNEAL | ) | |

OPINION AND ORDER

This matter is again before the court, this time on the issue of whether defendant Eldrick Deon McNeal should be returned to the custody of the Bureau of Prisons for further efforts at restoration of mental competency.

As previously stated, the court, in November 2015, ordered an evaluation of McNeal's competency, see United States v. McNeal, 2015 WL 7721211 (M.D. Ala. 2015), and later found him mentally incompetent to stand trial. See United States v. McNeal, 2016 WL 756570 (M.D. Ala. 2016). After competency-restoration efforts at the Federal Medical Center in Butner, North Carolina, a forensic psychologist there opined in March 2017 that McNeal was competent to stand trial, and

McNeal was transferred to the county jail in Montgomery, Alabama, so that he could attend a hearing on whether his competency had, in fact, been restored. However, while in jail and before the competency-restoration hearing could be held, McNeal wrote to the court a personal letter that reflected that his mental health might be significantly deteriorating, and an updated assessment was completed. Local psychologist David C. Ghostley found that McNeal is again "clearly incompetent to proceed to sentencing due to extreme paranoia." Forensic Psychological Evaluation (doc. no. 101) at 2.

It appeared that McNeal may have mentally decompensated solely due to conditions specific to the Montgomery County Jail. In particular, it appeared that, while in the custody of the Montgomery County Jail and due to that jail's prescription policy, McNeal did not receive all medications prescribed to him by the Federal Medical Center in Butner. The parties agreed that McNeal should be transferred to the nearby

2

Lee County Jail, where he could receive all such medications, to see if his mental state would improve, and the court adopted their recommendation.

After again evaluating McNeal several weeks after he was transferred to Lee County Jail, Dr. Ghostley opined again that McNeal was mentally incompetent to stand trial and he recommended that the court return McNeal to the custody of the Attorney General for an additional period of time to allow for further competency-restoration efforts, specifically, to allow for long-term psychiatric stabilization and further attendance at competency restoration classes to reinforce past learning. Forensic Psychological Evaluation (doc. no. 106). All parties agree to the requested extension. Upon consideration of the report of Dr. Ghostley and the representations of the parties during the hearing on the record on June 1, 2017 and in their joint statement, the court finds that McNeal is again mentally incompetent to stand trial and that an additional period of hospitalization is warranted

because there is a substantial probability that within such additional period of time McNeal will attain the capacity to permit the proceedings to go forward. 18 U.S.C. § 4241(d)(2). Specifically, the court finds a substantial probability that he will attain capacity within the additional period of time based on his demonstrated progress and psychiatric stabilization during his previous commitment at Federal Medical Center Butner, including the evidence that McNeal demonstrated progress during participation in a previous competency-restoration course.

\*\*\*

Accordingly, pursuant to 18 U.S.C. § 4241(d)(2), it is DECLARED that defendant Eldrick Deon McNeal is again mentally incompetent to stand trial and it is ORDERED that he is returned to the custody of the Attorney General for an additional period lasting until no later than December 2, 2017, for further competency-restoration efforts.

It is further ORDERED that, when defendant McNeal is returned to this district for future court proceedings:

(1) The United States Marshal shall house defendant McNeal in custody at Lee County Jail.

(2) While in custody at Lee County Jail, defendant McNeal shall continue to receive those medications prescribed by the Federal Medical Center unless and until ordered otherwise by the court. Counsel for defendant McNeal and the United States Marshal shall work with the Lee County Jail to carry out this order.

DONE, this the 2nd day of June, 2017.

                          /s/ Myron H. Thompson
                        **UNITED STATES DISTRICT JUDGE**