IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:15cr199-MHT |
| | ) | (WO) |
| ELDRICK DEON McNEAL | ) | |

OPINION AND ORDER

Defendant Eldrick Deon McNeal was charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The question before the court is whether he has the mental capacity to stand trial, that is, whether he is currently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is not able to understand the nature and consequences of the proceedings against him or to assist properly in his defense. *See* 18 U.S.C. § 4241(a). Based on the evidence presented during a hearing on February 2, 2018, the court finds that he has the mental capacity to stand trial.

As previously stated, the court, in November 2015, ordered an evaluation of McNeal's competency, *see United States v. McNeal*, No. 2:15cr199-MHT, 2015 WL 7721211 (M.D. Ala. Nov. 30, 2015), and later found him mentally incompetent to stand trial, *see United States v. McNeal*, No. 2:15cr199-MHT, 2016 WL 756570 (M.D. Ala. Feb. 26, 2016). After competency-restoration efforts at the Federal Medical Center in Butner, North Carolina ("FMC Butner"), a forensic psychologist there opined, in March 2017, that McNeal was competent to stand trial, and he was transferred to a jail in Montgomery, Alabama, so that he could attend a hearing on whether his competency had, in fact, been restored. However, while in jail and before the competency-restoration hearing could be held, McNeal wrote to the court a personal letter that reflected that his mental health might be significantly deteriorating, and an updated assessment was completed. Local psychologist David C. Ghostley found that McNeal is again "clearly incompetent to proceed to sentencing due to extreme

paranoia." Forensic Psychological Evaluation (doc. no. 101) at 2.

It appeared that McNeal may have mentally decompensated solely due to conditions specific to the Montgomery County Jail. In particular, it appeared that, while in the custody of the Montgomery County Jail and due to that jail's prescription policy, he did not receive all medications prescribed to him by FMC Butner. He was then transferred to th eLee County Jail, where he could receive all such medications. After again evaluating McNeal several weeks after he was transferred to Lee County Jail, Dr. Ghostley opined again that McNeal was mentally incompetent to stand trial and he recommended that the court return McNeal to the custody of the Attorney General for an additional period of time to allow for further competency-restoration efforts. Forensic Psychological Evaluation (doc. no. 106). After a hearing, and with no objections from the parties, the court found McNeal was again mentally incompetent to stand trial, and

committed him to the custody of the Attorney General for restoration treatment pursuant to 18 U.S.C. § 4241(d)(2).  *See United States v. McNeal*, No. 2:15cr199-MHT, 2017 WL 2399578 (M.D. Ala. June 2, 2017).

McNeal was then transferred back to FMC Butner. After the course of treatment, forensic psychologist Adeirdre L. Stribling Riley, Ph.D., submitted a report to the court in which she opines that McNeal is now competent to proceed to trial.  *See* Forensic Psychological Evaluation (doc. no. 112).  Dr. Riley's report states that McNeal "has a rudimentary understanding of the nature and consequences of the proceedings against him and a basic ability to assist properly in his own defense."  *Id.* at 14.  "While he may still have some difficulty following complex and abstract legal concepts based upon [his] deficits," Dr. Riley notes, "these issues can best be dealt with by slow and repetitive explanation of the events or concepts in a concrete and simple manner."  *Id.*

In the February 2 competency hearing the parties agreed that the court should take certain precautions, as outlined below, to ensure that McNeal receives his medication during and after transit from FMC Butner to a local facility, and that he does not again decompensate prior to trial.

Therefore, based upon the psychological evaluations by Dr. Riley and Dr. Ghostley, and pursuant to 18 U.S.C. § 4241(a), the court concludes that McNeal is not currently suffering from a mental disease or defect such that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

***

Accordingly, it is ORDERED that defendant Eldrick Deon McNeal is declared mentally competent to stand trial in this case.

It is further ORDERED as follows:

(1) The United States Marshal Service is forthwith to return defendant McNeal from the Federal Medical Center, Butner, to a local facility;

(2) Defendant McNeal is to be transferred to a local facility in which he is able to receive his medications as currently prescribed;

(3) While in transit from FMC Butner to a local facility, defendant McNeal is to receive his medications as currently prescribed, with no gaps in treatment;

(4) As suggested by the government, in order to provide an accurate "baseline" of defendant McNeal's psychological state when found competent, the government is to arrange for him to be seen by a psychiatrist within five business days of arriving at a local facility; and

(5) After his arrival at a local facility, the government is to arrange for defendant McNeal to be seen by a psychiatrist at least once monthly until his

trial date, to ensure that has not again decompensated while in local custody.

DONE, this the 5th day of February, 2018.

                                 /s/ Myron H. Thompson
                                 **UNITED STATES DISTRICT JUDGE**