IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


UNITED STATES OF AMERICA   )
                              )      CRIMINAL ACTION NO.
    v.                  )       2:15cr199-MHT
                              )          (WO)
ELDRICK DEON McNEAL     )

OPINION AND ORDER

This cause is before the court on the parties'
joint oral motion to continue, made on-the-record on
April 16, 2018.  For the reasons set forth below, the
court finds that jury selection and trial, now set for
April 16, 2018, should be continued pursuant to 18
U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the
sound discretion of the trial judge, *see United States
v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the
court is limited by the requirements of the Speedy
Trial Act, 18 U.S.C. § 3161.  The Act provides in part:

> "In any case in which a plea of not
> guilty is entered, the trial of a
> defendant charged in an information or
> indictment with the commission of an
> offense shall commence within seventy

days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant ... reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and McNeal in a speedy trial.

Previously in this case, McNeal was found incompetent to stand trial and sent to the Federal Medical Center, Butner, North Carolina for competency restoration therapy. *see United States v. McNeal*, No. 2:15cr199-MHT, 2016 WL 756570 (M.D. Ala. Feb. 26, 2016) (Thompson, J.). After his return to local custody, however, he decompensated--apparently due, at least in part, to his inability to receive at a local jail facility his psychotropic medications as prescribed--and was sent for a second time to the Butner facility for restoration. *See United States v. McNeal*, No. 2:15cr199-MHT, 2017 WL 2399578 (M.D. Ala. June 2, 2017) (Thompson, J.. The psychiatric report prepared by Butner clinicians indicated that, among other issues, McNeal suffers from unspecified psychotic disorder and borderline intellectual functioning. *See* Psychiatric Report (doc. no. 106) at 3. When McNeal returned to local custody for a second time and after the court this time found him mentally competent, *see United States v. McNeal*, No. 2:15CR199-MHT, 2018 WL

706488 (M.D. Ala. Feb. 2018) (Thompson, J.), the court, given his prior decompensation, specifically ordered that he was to be placed in another local facility, the Lee County Jail, in which he was to be able to receive his medications as prescribed, *see* Opinion and Order (doc. no. 122). After representations that he might not be receiving his medications as prescribed while at the Lee County Jail, the parties were further ordered to review his medication logs and ensure he was properly receiving his medication, *see* Order (doc. no. 134).

On April 16, 2018, prior to the beginning of jury selection, the court inquired of counsel for the parties whether they had any concerns regarding McNeal's receipt of medication and his current competency to stand trial. Counsel for McNeal indicated that, although there is a possibility that he refused his medication on certain occasions, McNeal had also missed pills on multiple other occasions because the medication had not been offered by the jail; the

government represented that, based upon the records it had received from Lee County Jail, as well as those it had not received, it could not be sure as to what medication he received in the days leading up to the trial. Moreover, defense counsel informed the court that McNeal stated to counsel last week, and on a separate occasion to the Lee County Jail psychologist, that he had been 'hearing voices' telling him to harm himself. In addition, the parties both stated that McNeal has been held in "lockdown" or solitary confinement for 22 or 23 hours per day, at least five days per week if not more, for approximately one-and-a-half months. This court has previously found that extended isolation of prisoners in conditions of solitary confinement poses a substantial risk of psychological harm and decompensation, and that this risk is especially heightened for prisoners suffering from mental illness. *See Braggs v. Dunn*, 257 F. Supp. 3d 1171, 1236-38 (M.D. Ala. 2017) (Thompson, J.). In light of these circumstances, counsel for the parties

and the court harbored serious concerns regarding McNeal's current and continued competency to stand trial, and counsel for the parties jointly moved on-the-record to continue the trial. Accordingly, a continuance is warranted in the interests of justice to allow counsel for the parties' time to determine whether McNeal remains competent to stand trial, and what conditions of confinement and treatment may be necessary from now until the time of his sentencing or acquittal to ensure that he does not again decompensate.

*** 

Accordingly, it is ORDERED as follows:

(1) The joint oral motion to continue (doc. no. 167), made on-the-record on April 16, 2018, is granted.

(2) The jury selection and trial, now set for April 16, 2018, are reset for August 6, 2018, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United

States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 17th day of April, 2018.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE