IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:15cr199-MHT |
| | ) | (WO) |
| ELDRICK DEON McNEAL | ) | |

OPINION AND ORDER

This criminal case is once again before the court on the question whether defendant Eldrick Deon McNeal has the mental capacity to stand trial--specifically, whether he is "presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a).

Based on the evidence in the record and the testimony presented at a competency hearing held on June 14, 2018, the court concludes, by a preponderance of the evidence--and with some admitted exasperation--that McNeal is once again not mentally competent. The court will therefore recommit him to

the custody of the Attorney General "for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward." 18 U.S.C. § 4241(d)(1).

## I. BACKGROUND

Previously in this case, McNeal was found incompetent to stand trial and sent to the Federal Medical Center, Butner, North Carolina for competency restoration therapy. *See United States v. McNeal*, No. 2:15cr199-MHT, 2016 WL 756570 (M.D. Ala. Feb. 26, 2016) (Thompson, J.). After his return to local custody, however, he decompensated--apparently due, at least in part, to his inability to receive at a local jail facility his psychotropic medications as prescribed--and was sent for a second time to the Butner facility for restoration. *See United States v. McNeal*, No. 2:15cr199-MHT, 2017 WL 2399578 (M.D. Ala. June 2, 2017) (Thompson, J.). The psychiatric report

prepared at that time by Butner clinicians indicated that, among other issues, he suffers from unspecified psychotic disorder and borderline intellectual functioning. *See* Psychiatric Report (doc. no. 106) at 3. When McNeal returned to local custody for a second time and was found mentally competent, *see United States v. McNeal*, No. 2:15CR199-MHT, 2018 WL 706488 (M.D. Ala. Feb. 2018) (Thompson, J.), the court, given his prior decompensation, specifically ordered that he was to be placed in a different local facility, the Lee County Jail, in which he was to be able to receive his medications as prescribed, *see* Opinion and Order (doc. no. 122). After representations that he might not be receiving his medications as prescribed while at the Lee County Jail, the parties were further ordered to review his medication logs and ensure he was properly receiving his medication, *see* Order (doc. no. 134).

On April 16, 2018, just before jury selection, the court inquired of counsel for the parties whether they had any concerns regarding McNeal's receipt of

medication and his current competency to stand trial. Counsel for McNeal indicated that, although there is a possibility that he refused his medication on certain occasions, McNeal had also missed pills on several other occasions because the medication had not been offered by the jail; the government represented that, based upon the records it had received from Lee County Jail, as well as those it had not received, it could not be sure as to what medication he received in the days leading up to the trial. Moreover, defense counsel informed the court that McNeal stated to counsel just before trial, and on a separate occasion to the Lee County Jail psychologist, that he had been 'hearing voices' telling him to harm himself.

In addition, counsel for both the government and McNeal expressed concern that McNeal has been held in "lockdown" or solitary confinement for 22 or 23 hours per day, at least five days per week if not more, for approximately one-and-a-half months. This court has previously found that extended isolation of prisoners

4

in conditions of solitary confinement poses a substantial risk of psychological harm and decompensation, and that this risk is especially heightened for prisoners suffering from mental illness. *See Braggs v. Dunn*, 257 F. Supp. 3d 1171, 1236-38 (M.D. Ala. 2017) (Thompson, J.).

In light of these circumstances, counsel for the government and McNeal as well as the court harbored serious concerns regarding McNeal's current and continued competency to stand trial. Accordingly, trial was continued in order to verify McNeal's competency.

Soon after, counsel for McNeal provided notice of an insanity defense, and arranged for a local evaluation in support of that defense by clinical psychologist David C. Ghostley, Psy.D. Dr. Ghostley's report, submitted to the court on June 8, 2018, opines that McNeal does not qualify for an insanity defense based on his state of mind at the time of the offense. However, it also raises distressing concerns about his

5

current mental health, which prompted government counsel to request an emergency status conference. Accordingly, the court held an on-the-record conference call on June 13, 2018, and held a hearing the following day, June 14, as to McNeal's competency.

## II. LEGAL STANDARD

"[I]f there is reasonable cause to believe" that a defendant may currently be mentally incompetent to stand trial, a court may, upon motion of a party or *sua sponte*, order a competency hearing. 18 U.S.C. § 4241(a). "If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General," who shall hospitalize the defendant for treatment. *Id.*

§ 4241(d). An initial treatment period may last "for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward." *Id.* § 4241(d)(1).

### III. DISCUSSION

Based on Dr. Ghostley's forensic evaluation of June 7, 2018, the representations made later during the hearing on June 14, and the evidence in the record in this case regarding McNeal's history of mental incompetency and decompensations, the court concludes that McNeal is again incompetent to proceed at this time.

Ghostley's evaluation, while not explicitly opining on the issue of McNeal's current competency, asserts that he "is currently in desperate need of responsive psychiatric care." Forensic Evaluation (doc. no. 189-1) at 7. The report notes McNeal's prior history of decompensation at Lee County Jail, which it explains

"has resulted in deep distress, mixed depression and accelerated mood, and paranoid delusional thinking." *Id.* at 1. It explains: "From the perspective of [McNeal's] mental status, this time is scarcely any different [from those prior instances]." *Id.* Moreover, the report diagnoses McNeal with "Major Depressive Disorder, Severe, With Psychotic Features and Suicidal Ideation," and borderline intellectual functioning; it also notes prior diagnoses of various substance use disorders and antisocial personality disorder. *Id.* at 4-6. At the June 14 competency hearing, counsel for both the government and McNeal agreed with the findings in Ghostley's evaluation, and with a finding that McNeal is currently mentally incompetent to proceed to trial.

In light of the foregoing evidence, the court agrees with counsel for the parties that McNeal is currently mentally incompetent to proceed to trial, and the court will recommit him to the custody of the Attorney General for competency restoration treatment.

8

However, in view of the fact that McNeal has apparently now twice decompensated in local custody, and that this is the third attempt at restoration, the court is concerned not only as to whether he can be restored, but whether he can be restored and stabilized for a sufficient period of time for the court to conduct a trial and, if warranted, to sentence him. If the Bureau of Prisons (BOP) determines that he can be restored for a sufficient period, the court would like specific recommendations as to what the court, the U.S. Marshal Service, and any other relevant actors can do after McNeal leaves BOP custody in order to ensure that his mental competency is maintained long enough to proceed to trial (which would include sentencing, if warrant). In particular, given the BOP's prior recommendation that McNeal continue to undergo restoration treatment at the Butner facility pending trial and be 'directly transported' near any hearing date, *see* Psychiatric Report (doc. no. 87) at 11, the court would like to know whether and how strongly the

BOP stays by that recommendation and, if that recommendation is followed, what further recommendations the BOP might have as to what the U.S. Marshal Service and others might do to ensure that McNeal's mental competency is maintained even during any relatively brief period while he is local custody during trial. (The court must candidly admit that it does not know, or remember, why this previous recommendation that McNeal continue to undergo restoration treatment at the Butner facility as near to the trial date as reasonably possible was not followed.)  Finally, in light of the distance between Butner and Montgomery, Alabama, the court would also like to know if the BOP is aware of any suitable facility other than a jail where McNeal could be kept and his competency maintained pending trial.

Because it appears that McNeal is currently being held in isolation for 22 or more hours a day and because it appears that, due to his fragile and unstable mental state, this isolation is having a

devastating impact on him and is arguably inhumane and illegal, it is imperative that the U.S. Marshal Service greatly expedite, if not immediately, return him to a BOP mental-health facility.

***

Accordingly, it is ORDERED as follows:

(1) Defendant Eldrick Deon McNeal is declared mentally incompetent to stand trial in this case and is recommitted to the custody of the Attorney General of the United States pursuant to 18 U.S.C. § 4241(d).

(2) Because it appears that defendant McNeal is currently being held in isolation for 22 or more hours a day and because it appears that this isolation is having a devastating impact on his already infirm mental health and is arguably illegal each day it continues, the U.S. Marshal Service is asked to provide for defendant McNeal's greatly expedited, if not immediate, return to an appropriate federal mental-health facility.

(3) The Attorney General shall, pursuant to 18 U.S.C. § 4241(d)(1), hospitalize defendant McNeal in a suitable facility for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future defendant McNeal will attain the capacity to permit his trial and, if warranted, sentencing to proceed.

(4) The mental-health personnel supervising defendant McNeal's commitment shall produce a final report addressing the following: (a) whether he is currently competent to stand trial; (b) if he is not competent, whether there is a substantial probability that in the foreseeable future he will attain competency; (c) whether, in light of his previous decompensations, his competency can be maintained for a sufficient period to allow him to proceed to trial and, if warranted, sentencing, and what conditions of confinement and mental-health treatment are necessary in order to maintain his competency for this length of

(3) The Attorney General shall, pursuant to 18 U.S.C. § 4241(d)(1), hospitalize defendant McNeal in a suitable facility for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future defendant McNeal will attain the capacity to permit his trial and, if warranted, sentencing to proceed.

(4) The mental-health personnel supervising defendant McNeal's commitment shall produce a final report addressing the following: (a) whether he is currently competent to stand trial; (b) if he is not competent, whether there is a substantial probability that in the foreseeable future he will attain competency; (c) whether, in light of his previous decompensations, his competency can be maintained for a sufficient period to allow him to proceed to trial and, if warranted, sentencing, and what conditions of confinement and mental-health treatment are necessary in order to maintain his competency for this length of

time; (d) whether there are any recommended facilities in or around the State of Alabama that provide suitable conditions of confinement and treatment for defendant McNeal to maintain competency pending trial and, if warranted, sentencing, and if so, a brief description of why those facilities are suitable; (e) whether, as previously recommended by the Bureau of Prisons, *see* Psychiatric Report (doc. no. 87) at 11, he should be held pending trial at the Federal Medical Center, Butner (or some other appropriate federal mental-health facility), and transported near the trial and, if warranted, sentencing dates, and whether this option is recommended over his placement at any alternative recommended facilities; and (f) whether there are any other measures that the court, the U.S. Marshal Service and any other relevant actors can take in order to ensure that he maintains competency pending trial and, if warranted, sentencing (including what measures the U.S. Marshal Service or any other relevant actors should take while defendant McNeal is in local custody,

no matter how brief, during actual trial and, if warranted, sentencing).

(5) If the director of the facility in which defendant McNeal is hospitalized determines that he has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, he shall promptly file a certificate and report to that effect with the clerk of the court, pursuant to 18 U.S.C. § 4241(e).

**DONE**, this the 18th day of June, 2018.

           /s/ Myron H. Thompson
           **UNITED STATES DISTRICT JUDGE**