IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:15cr199-MHT |
| | ) | (WO) |
| ELDRICK DEON McNEAL | ) | |

OPINION AND ORDER

This cause is before the court on defense counsel's oral motion to continue, made in open court on June 14, 2018. For the reasons set forth below, the court finds that jury selection and trial, now set for August 6, 2018, should be continued generally, pursuant to 18 U.S.C. §§ 3161(h)(1) and -(7), pending resolution of resolution of the issue of defendant Eldrick Deon McNeal's mental competency.

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant. § 3161(h)(1)(A). The Act also excludes any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and McNeal in a speedy trial. By order entered today, the court has concluded, first, that McNeal is currently not mentally competent to

stand trial and, second, that he should be committed to the custody of the Attorney General for a reasonable period of time, not to exceed four months, for competency restoration treatment and to determine whether there is a substantial probability that in the foreseeable future he will attain competency. *See* 18 U.S.C. § 4241(d)(1). The jury selection and trial of this cause should be continued generally, pending resolution of the issue of McNeal's mental competency.

\*\*\*

Accordingly, it is ORDERED as follows:

(1) Defendant Eldrick Deon McNeal's oral motion to continue (doc. no. 195), made in open court on June 14, 2018, is granted.

(2) The jury selection and trial, now set for August 6, 2018, are continued generally, pending resolution of the issue of defendant McNeal's mental competency

DONE, this the 18th day of June, 2018.

                                          /s/ Myron H. Thompson
                                      **UNITED STATES DISTRICT JUDGE**