IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:15cr199-MHT |
| | ) | (WO) |
| **ELDRICK DEON McNEAL** | ) | |

OPINION AND ORDER

This cause is before the court on the government's unopposed motion to continue. For the reasons set forth below, the court finds that jury selection and trial, now set for March 13, 2019, should be continued to April 8, 2019, pursuant to 18 U.S.C. § 3161(h)(1) and -(7), pending resolution of the issue of defendant Eldrick Deon McNeal's mental competency.

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not
> guilty is entered, the trial of a
> defendant charged in an information or

> indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant." § 3161(h)(1)(A). The Act also excludes any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and McNeal in a speedy trial. On June 18, 2018, the court found McNeal incompetent to stand trial and ordered him to remain in the custody of the Bureau of Prisons for restoration. The court

recently continued McNeal's restoration hearing, originally set for February 22, because the government's key witness was unavailable due to illness. The government confirmed in its motion that this witness has recovered. However, the government is still coordinating with its witness and the parties on a proposed date for a rescheduled restoration hearing. Considering the need to coordinate schedules and the need for defense counsel to travel to North Carolina for the hearing, the government believes that the best possible dates for a restoration hearing may be close to or after McNeal's March 13 trial date. Continuing the trial would allow time to set a new restoration hearing, for this court to hold the hearing, for this court to enter a ruling on the restoration issue, and then, if the court should find McNeal has been restored, for the parties to prepare for trial. The jury selection and trial of this cause should be continued, pending resolution of the issue of McNeal's mental competency.

***

Accordingly, it is ORDERED as follows:

(1) The government's motion to continue (doc. no. 226) is granted.

(2) The jury selection and trial, now set for March 13, 2019, are reset for April 8, 2019, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 27th day of February, 2019.

                              /s/ Myron H. Thompson
                              UNITED STATES DISTRICT JUDGE