# IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
# MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:15cr199-MHT |
| | ) | (WO) |
| ELDRICK DEON McNEAL | ) | |

## OPINION AND ORDER

This case is once again before the court on the question whether defendant Eldrick Deon McNeal has the mental capacity to stand trial--specifically, whether he is "presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a).

The government's and McNeal's experts agreed that McNeal is currently incompetent to stand trial. Based on the evidence in the record and the testimony presented at a competency hearing held on March 29, 2019, the court concludes by a preponderance of the evidence that McNeal is once again not mentally

competent.  The court will therefore recommit him to the custody of the United States Bureau of Prisons (BOP) for no longer than 120 days, beginning on March 29, 2019, "to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward."  18 U.S.C. § 4241(d)(1).

## I. BACKGROUND

On multiple occasions in this case, McNeal was found incompetent to stand trial and sent to a BOP medical center for competency restoration therapy.  *See United States v. McNeal*, No. 2:15cr199-MHT, 2018 WL 3023092 (M.D. Ala. June 18, 2018) (Thompson, J.); *United States v. McNeal*, No. 2:15cr199-MHT, 2017 WL 2399578 (M.D. Ala. June 2, 2017) (Thompson, J.); *United States v. McNeal*, No. 2:15cr199-MHT, 2016 WL 756570 (M.D. Ala. Feb. 26, 2016) (Thompson, J.).

Most recently in this case, on June 18, 2018, the court found McNeal incompetent and recommitted him to a BOP medical facility in Butner, North Carolina for restoration therapy. In January 2019, a Butner clinician, Dr. Adeirdre Stribling Riley, submitted a report to the court concluding that McNeal met diagnostic criteria for antisocial personality disorder; borderline intellectual functioning; adjustment disorder with anxiety; and several substance abuse disorders, but that he was competent to stand trial. *See* Forensic Evaluation (doc. no. 207) at 11, 14. The court set a restoration hearing for February 22 but, due to logistical problems, had to continue the hearing to March 29.

However, in the meantime, defense counsel informed the court that his expert, psychiatrist Dr. Hans Stelmach, had evaluated McNeal on February 20 and concluded that he suffered from schizoaffective disorder and was currently incompetent to stand trial. *See* Psychiatric Evaluation (doc. no. 235-1) at 6-7. On

3

March 25, BOP forensic psychologist Stribling Riley informed the government that McNeal, as a result of medication noncompliance, was no longer competent and was now presenting as symptomatic. On March 28, she submitted a psychiatric report to that effect. *See* Forensic Evaluation (doc. no. 241) at 11. The court held a competency hearing on March 29, during which Dr. Stribling Riley testified that McNeal is currently not competent to proceed due to noncompliance with his psychotropic medication regimen. She testified, however, that, he had recently complied with two administrations of his medication, and that, according to McNeal's BOP psychiatrist, McNeal needs to take a therapeutic level of medication for about two to three months before significant improvement is made. Dr. Stribling Riley requested 120 days for restoration efforts, and the court orally granted her request.

## II. LEGAL STANDARD

"[I]f there is reasonable cause to believe" that a defendant may currently be mentally incompetent to stand trial, a court may, upon motion of a party or *sua sponte*, order a competency hearing. 18 U.S.C. § 4241(a). "If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General," who shall hospitalize the defendant for treatment. *Id.* § 4241(d). An initial treatment period may last "for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward." *Id.* § 4241(d)(1).

Courts apply a two-part test to determine competency.  *See Bundy v. Dugger*, 850 F.2d 1402, 1408 (11th Cir. 1988).  First the district court determines whether "the defendant suffer[s] from a clinically recognized disorder[]."  *Id.*  If the defendant does, then the court determines whether "that disorder render[s] the defendant incompetent under" the test for incompetency established by the Supreme Court in *Dusky v. United States*, 362 U.S. 402, 402 (1960).  *Bundy*, 850 F.2d at 1408.  The *Dusky* test asks whether the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding--and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky,* 362 U.S. at 402.

The law is unsettled on which party bears the burden of proof as to competency.  *See United States v. Tatum,* No. 2:18cr109-MHT, 2019 WL 150551, at *2 (M.D. Ala. Jan. 4, 2019) (Thompson, J.).  Nonetheless, the

court need not resolve this open question if the outcome would be the same regardless. *See id*.

III. DISCUSSION

Based on Dr. Stribling Riley's forensic report of March 28, 2019; Dr. Stelmach's psychiatric evaluation of February 20; the representations made by Dr. Stribling Riley during the hearing on March 29; and the evidence in the record in this case regarding McNeal's history of mental incompetency and decompensations, the court concludes that McNeal is again incompetent to proceed at this time.

*A. Clinically Recognized Disorder*

In his most recent BOP evaluation, conducted on March 28, McNeal was diagnosed with unspecified schizophrenia spectrum and other psychotic disorder; antisocial personality disorder; borderline intellectual functioning; moderate alcohol use disorder; moderate cannabis use disorder; moderate

hallucinogen use disorder; and moderate stimulant use disorder. *See* Forensic Evaluation (doc. no. 241) at 7.

In a psychiatric evaluation coordinated by defense counsel and conducted by Dr. Hans Stelmach on February 20, 2019, McNeal was diagnosed with "Schizoaffective Disorder, Bipolar Type, multiple episodes currently in acute episode." Psychiatric Evaluation (doc. no. 235-1) at 6.

### B. The Dusky Standard

The second prong of the competency test is whether the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding--and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky*, 362 U.S. at 402.

On March 5, 2019, McNeal was administered the Revised-Competency Assessment Instrument (R-CAI) and presented with "significant impairment in his rational understanding of proceedings and ability to consult

8

with counsel." Forensic Evaluation (doc. no. 241) at 10. Dr. Stribling Riley concluded that McNeal was incompetent to stand trial. *See id.* at 11. During the competency hearing, Dr. Stribling Riley testified further to McNeal's paranoia regarding his criminal trial which would render him incompetent to stand trial.

Dr. Stelmach's February 20 evaluation of McNeal also indicated that McNeal does not have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" or "a rational as well as factual understanding of the proceedings against him." *Dusky*, 362 U.S. at 402. Specifically, Dr. Stelmach concluded that: McNeal "has an illogical and delusional thought process about how to select a jury and about the Judge corroborating with his attorney. He would be unable to properly conduct himself in Court due to his distress and impulsivity." Psychiatric Evaluation (doc. no. 235-1) at 7-8.

### C. *Competency Restoration Treatment*

The court will recommit McNeal to the custody of the BOP for competency restoration treatment. However, in view of the fact that McNeal has previously decompensated in local custody, and that this is the fourth attempt at restoration, the court is concerned not only as to whether he can be restored, but also as to whether he can be restored and stabilized for a sufficient period of time for the court to conduct a trial and, if warranted, to sentence him.

If the BOP determines that McNeal can be restored for a sufficient period, the court would like specific recommendations as to what the court, the U.S. Marshal Service, and any other relevant actors can do after McNeal leaves BOP custody in order to ensure that his mental competency is maintained long enough to proceed to trial (which would include sentencing, if warranted).

In particular, given the BOP's prior recommendation that McNeal continue to undergo restoration treatment

at the Butner facility pending trial and be 'directly transported' near any hearing date, *see* Psychiatric Report (doc. no. 87) at 11, the court would like to know whether and how strongly the BOP stays by that recommendation and, if that recommendation is followed, what further recommendations the BOP might have as to what the U.S. Marshal Service and others might do to ensure that McNeal's mental competency is maintained even during any relatively brief period while he is local custody during trial.

Finally, in light of the distance between Butner and Montgomery, Alabama, the court would also like to know if the BOP is aware of any suitable facility other than a jail where McNeal could be kept and his competency maintained pending trial.

**\*\*\***

Accordingly, it is ORDERED as follows:

(1) Defendant Eldrick Deon McNeal is declared mentally incompetent to stand trial in this case and is

recommitted to the custody of the Attorney General of the United States pursuant to 18 U.S.C. § 4241(d).

(2) The Attorney General shall, pursuant to 18 U.S.C. § 4241(d)(1), hospitalize defendant McNeal in a suitable facility for no longer than 120 days, beginning on March 29, 2019, to determine whether there is a substantial probability that in the foreseeable future defendant McNeal will attain the capacity to permit his trial and, if warranted, sentencing to proceed.

(3) The mental-health personnel supervising defendant McNeal's commitment shall produce a final report addressing the following: (a) whether he is currently competent to stand trial; (b) if he is not competent, whether there is a substantial probability that in the foreseeable future he will attain competency; (c) whether, in light of his previous decompensations, his competency can be maintained for a sufficient period to allow him to proceed to trial and, if warranted, sentencing, and what conditions of

confinement and mental-health treatment are necessary in order to maintain his competency for this length of time; (d) whether there are any recommended facilities in or around the State of Alabama that provide suitable conditions of confinement and treatment for defendant McNeal to maintain competency pending trial and, if warranted, sentencing, and if so, a brief description of why those facilities are suitable; (e) whether, as previously recommended by the Bureau of Prisons, *see* Psychiatric Report (doc. no. 87) at 11, he should be held pending trial at the Federal Medical Center, Butner (or some other appropriate federal mental-health facility), and transported near the trial and, if warranted, sentencing dates, and whether this option is recommended over his placement at any alternative recommended facilities; and (f) whether there are any other measures that the court, the U.S. Marshal Service and any other relevant actors can take in order to ensure that he maintains competency pending trial and, if warranted, sentencing (including what measures the

U.S. Marshal Service or any other relevant actors should take while defendant McNeal is in local custody, no matter how brief, during actual trial and, if warranted, sentencing).

(4) If the director of the facility in which defendant McNeal is hospitalized determines that he has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, she shall promptly file a certificate and report to that effect with the clerk of the court, pursuant to 18 U.S.C. § 4241(e).

DONE, this the 9th day of April, 2019.

                                /s/ Myron H. Thompson
                               **UNITED STATES DISTRICT JUDGE**