IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:15cr199-MHT |
| | ) | (WO) |
| ELDRICK DEON McNEAL | ) | |

OPINION AND ORDER

This case is now before the court on the question of how to proceed in light of the recent 'restorability' evaluation of defendant Eldrick Deon McNeal by the mental-health staff of the United States Bureau of Prisons (BOP) in Butner, North Carolina. *See* Forensic Evaluation (doc. no. 259).

COMPETENCY: On April 9, 2019, the court issued an opinion finding that McNeal was again incompetent to stand trial based on the evidence in the record (including a 'competency' evaluation by the BOP) and the testimony presented at a competency hearing held on March 29, 2019. *See United States v. McNeal*, 2:15cr199-MHT, 2019 WL 1532228 (M.D. Ala. 2019) (Thompson, J.). Based on that finding, the court also

ordered the BOP to conduct an additional 'restorability' evaluation of whether there was a substantial probability that "in the foreseeable future" McNeal would attain the capacity to permit his trial and, if so, what measures could be taken to maintain his competency.  *Id.* at *3.

RESTORABILITY:  On October 22, 2019, the BOP issued a new psychiatric report in response to the April 9 order.  *See* Forensic Evaluation (doc. no. 259).  In the report, BOP clinician Adeirdre Stribling Riley, Ph.D., states that McNeal's "current delusional ideation and psychotic thought process are entrenched and are of sufficient severity that he is unable to proceed to trial at this time."  *Id.* at 9.  Dr. Riley concludes that it is "unlikely he will be restored to competency in the foreseeable future despite our extensive efforts."  *Id.*  On October 29, the court held an on-the-record conference call with government and defense counsel to discuss what the next steps in this litigation should be.

Counsel agreed that, based on the October 22 BOP report, the next step would be for the court to hold an evidentiary hearing on the issue of McNeal's 'restorability,' that is, "whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings go forward." 18 U.S.C. § 4241(d)(1). They further agreed that, should the court find McNeal's "mental condition has not so improved as to permit the proceedings to go forward," 18 U.S.C. § 4241(d), the next step would be for the court to order the BOP to conduct a 'dangerousness' evaluation, that is, an evaluation of whether McNeal "is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another." 18 U.S.C. § 4246(a).

Because the court has previously found that McNeal's condition has significantly worsened in the local jails here in Montgomery, Alabama, hearings in

3

this case have been conducted with McNeal and defense counsel appearing by videoconferencing from the BOP facility in Butner, North Carolina, where McNeal has been hospitalized. The court wishes to avoid the further delay and inconvenience to the parties of holding two hearings, one on the issue of restorability and another on the issue dangerousness, a procedure that would require counsel for McNeal to travel from Alabama to North Carolina two times. With the agreement of both counsel for the defense and the government, as expressed on the record on October 29, the court will instead set a hearing on both issues after the BOP has completed an evaluation of McNeal's dangerousness pursuant to § 4246.

***

Accordingly, it is ORDERED as follows:

(1) Based on the BOP's determination that defendant Eldrick Deon McNeal's mental condition has not improved sufficiently to permit the proceedings in this case to

go forward, defendant McNeal is recommitted to the custody of the Attorney General of the United States for a 'dangerousness' evaluation pursuant to 18 U.S.C. § 4246.

(2) The Attorney General shall again hospitalize defendant McNeal for treatment in a suitable facility for such a reasonable period of time for the director of the facility in which defendant McNeal is hospitalized to determine, pursuant to 18 U.S.C. § 4246(a), whether defendant McNeal is currently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another. This determination should include consideration of whether any risk he poses to society can be minimized by special conditions imposed on his release and, if so, a recommendation of what those conditions should be, including mental-health and/or substance-abuse treatment. If the BOP finds that defendant McNeal should not be released, it shall

include in its report whether suitable arrangements for state custody and care of defendant McNeal are available.

It is further ORDERED that, after the BOP has completed and filed its 'dangerousness' evaluation, the court will hold a hearing on both the issues of 'restorability' and 'dangerousness,' with defendant McNeal and defense counsel appearing by videoconferencing from the BOP facility in Butner, North Carolina.

It is further ORDERED that the BOP is to retain custody of defendant McNeal at its mental-health facility in Butner, North Carolina (even after the completion of the 'dangerousness' evaluation) until further order of the court.

DONE, this the 5th day of November, 2019.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE