IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA   ) | |
| ) | CRIMINAL ACTION NO. |
| v.    ) | 2:15cr199-MHT |
| ) | (WO) |
| ELDRICK DEON McNEAL   ) | |

OPINION AND ORDER

This criminal case is now before the court on the question of whether defendant Eldrick Deon McNeal is capable of being restored to competency, that is, "whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward." 18 U.S.C. § 4241(d)(1). Based on the evidence in the record and the testimony presented at the hearing held on May 12, 2020, the court concludes that McNeal is not likely to be restored in the foreseeable future.

McNeal was indicted in 2015, in the United States District Court for the Middle District of Alabama, for one count of possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On multiple

occasions, this court has found McNeal incompetent to stand trial and sent him to a Bureau of Prisons (BOP) facility in Butner, North Carolina for competency restoration therapy.  *See United States v. McNeal*, No. 2:15cr199-MHT, 2020 WL 2139268 (M.D. Ala. May 5, 2020) (Thompson, J.) (summarizing the extensive history of competency and restoration proceedings for McNeal).  Most recently, on April 9, 2019, the court again issued an opinion finding that McNeal is incompetent to stand trial, *see United States v. McNeal*, No. 2:15cr199-MHT, 2019 WL 1532228 (M.D. Ala. Apr. 9, 2019) (Thompson, J.), that is, that he is "presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."  18 U.S.C. § 4241(a).  The court then recommitted him to the custody of the Attorney General for the BOP "to conduct an additional 'restorability' evaluation of whether there was a

2

substantial probability that 'in the foreseeable future' McNeal would attain the capacity to permit his trial and, if so, measures could be taken to maintain his competency."  *McNeal*, 2019 WL 1532228, at *1.

On October 22, 2019, the BOP issued a new psychiatric report in response to the April 9 order.  *See* Forensic Evaluation (doc. no. 259).  In the report, BOP clinician Adeirdre Stribling Riley, Ph.D., states that McNeal's "current delusional ideation and psychotic thought process are entrenched and are of sufficient severity that he is unable to proceed to trial at this time." *Id.* at 9.  Despite medication compliance over an extended period of time, Dr. Riley notes, McNeal continues to exhibit symptoms of psychosis including "paranoia and delusional ideation."  *Id.* at 8.  Dr. Riley concludes that it is "unlikely he will be restored to competency in the foreseeable future despite our extensive efforts." *Id.* at 9.

3

On May 12, 2020, the court then held a hearing on the issue of McNeal's restorability.  Upon the agreement of the parties and in light of the COVID-19 pandemic and the restrictions on all visitation (including of defense counsel) to the BOP facility in Butner, North Carolina, where McNeal is confined, the hearing was conducted by videoconferencing.

At the hearing, the court heard testimony from Dr. Riley regarding McNeal's diagnoses, medication compliance, and ongoing symptoms.  Her observations and conclusions were identical to those she set forth in the October 22 BOP psychiatric report.  Neither government counsel nor defense counsel disputed Dr. Riley's testimony or her report that McNeal is unlikely to be restored to competency in the foreseeable future.

Therefore, based upon the psychological evaluation by and testimony of Dr. Riley, and pursuant to 18 U.S.C. § 4241(d)(1), the court concludes that there is not a substantial probability that in the foreseeable future

McNeal will attain mental competency to permit the trial and all other proceedings to go forward.

Finally, before concluding, the court believes it is worth giving some explanation regarding the next steps in this case.  With the agreement of the parties, the court initially delayed the restorability hearing. During an on-the-record conference call on October 29, 2019, government and defense counsel agreed that, should the court find McNeal unlikely to be restored to competency, the next step in this case would be for the BOP to conduct an evaluation of his 'dangerousness' pursuant to 18 U.S.C. § 4246(a), that is, whether his release would pose a substantial risk to the community. *See United States v. McNeal*, No. 2:15cr199-MHT, 2019 WL 5718168, at *1 (M.D. Ala. Nov. 5, 2019) (Thompson, J.). "[T]o avoid the further delay and inconvenience to the parties of holding two hearings, one on the issue of restorability and another on the issue of dangerousness, a procedure that would require counsel for McNeal to

5

travel from Alabama to North Carolina two times," the parties agreed that the court would instead set a hearing on both issues upon completion of the BOP's 'dangerousness' evaluation.  *Id.*  However, since the BOP submitted its 'dangerousness' evaluation of McNeal, *see* Forensic Evaluation (doc. no. 266), both government and defense counsel have agreed that, contrary to their earlier understanding, this court should conduct a restorability hearing first, after which a United States District Court in North Carolina, where the BOP facility where McNeal is currently confined is located, will conduct any 'dangerousness' hearing, should the BOP file a certificate of 'dangerousness' pursuant to 18 U.S.C. § 4246(a).  The BOP will file such a certificate if it is determined that there is no state facility suitable for McNeal's custody and care.  *See* 18 U.S.C. § 4246(a).

***

Accordingly, it is ORDERED as follows:

(1) It is declared that there is not a substantial

probability that in the foreseeable future defendant Eldrick Deon McNeal will attain mental competency to permit the trial and all other proceedings to go forward. *See* 18 U.S.C. § 4241(d)(1).

(2) Defendant McNeal is now subject to the provisions of 18 U.S.C. § 4246(a).  He shall remain in the custody of the United States Bureau of Prisons until he can be transferred to a state facility suitable for his custody and care or until the order of this court or some other federal court.

DONE, this the 12th day of May, 2020.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**