IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:15cr199-MHT |
| | ) | (WO) |
| ELDRICK DEON McNEAL | ) | |

OPINION AND ORDER

This case is before the court on the government's oral motion to continue the trial of Eldrick Deon McNeal, made during a hearing on May 12, 2020.  For the reasons set forth below, the court finds that McNeal's trial, which the court previously continued generally pending resolution of the issue of his mental competency, *see* Opinion (doc. no. 240), should again be continued generally pursuant to 18 U.S.C. § 3161(h)(4).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a

> defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1).  The Act excludes from the 70-day period any continuance based on "delay resulting from the fact that the defendant is mentally incompetent." § 3161(h)(4).  The Act also excludes any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and McNeal in a speedy trial. On multiple occasions, this court has found McNeal incompetent to stand trial and sent him to a Bureau of Prisons (BOP) facility for competency restoration therapy.  *See United States v. McNeal*, No. 2:15cr199-

MHT, 2020 WL 2139268 (M.D. Ala. May 5, 2020) (Thompson, J.) (summarizing the extensive history of competency and restoration proceedings for McNeal).  Most recently, on April 9, 2019, the court again issued an opinion finding that McNeal is incompetent to stand trial, that is, that he is "presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."  18 U.S.C. § 4241(a); *see United States v. McNeal*, No. 2:15cr199-MHT, 2019 WL 1532228 (M.D. Ala. Apr. 9, 2019) (Thompson, J.).  On May 12, 2020, the court held a hearing on the issue of "whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward."  18 U.S.C. § 4241(d)(1).  Based on the evidence in the record and the testimony presented at the hearing of BOP clinician Dr. Adeirdre Stribling Riley, the court concluded that there is not

3

a substantial probability that in the foreseeable future McNeal will attain mental competency to permit the trial and all other proceedings to go forward. *See* Opinion (doc. no. 289). Thus, McNeal is now subject to the provisions of 18 U.S.C. § 4246(a), which requires that he either be transferred to state custody and care, if suitable arrangements exist, or that the BOP move to commit him civilly in the federal system. Because McNeal continues to be incompetent to stand trial and the parties and the BOP require additional time for the next steps in this case, a further trial continuance is warranted. Further, there is no objection from the defense regarding the government's request.

The jury selection and trial of this case will therefore be continued.

***

Accordingly, it is ORDERED as follows:

(1) The oral motion to continue the trial (doc. no. 287) is granted.

4

(2) The jury selection and trial for defendant Eldrick Deon McNeal are again continued generally pending further proceedings regarding his competency, civil commitment, dangerousness determination, and any other related proceeding.

DONE, this the 12th day of May, 2020.

                                           /s/ Myron H. Thompson  
                                      **UNITED STATES DISTRICT JUDGE**