IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:15cr199-MHT |
| | ) | (WO) |
| ELDRICK DEON McNEAL | ) | |

OPINION AND ORDER

Before the court is the government and defense counsel's joint motion pursuant to 18 U.S.C. § 4241(a) for another determination by this Alabama federal court of defendant Eldrick Deon McNeal's mental competency to stand trial-- specifically, for a determination again whether he is "presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a).

. The motion includes two requests: First, for the court to enter an order, pursuant to 18 U.S.C. § 4241(b), requiring McNeal to undergo another psychiatric or psychological examination, to determine competency, at the Federal Medical Center in Butner, N.C., where he is

currently housed; and, second, for the court, after completion of the examination and the court's receipt of an evaluation, to hold a hearing on whether McNeal is competent to stand trial, pursuant to 18 U.S.C. § 4241(c).

This is not the first, nor the second, nor the third time that McNeal's competency has been at issue in this long-running criminal case, which charges him with being a felon in possession of a firearm. The court will not comprehensively survey the procedural history of the case here, *but see United States v. McNeal,* No. 2:15cr199-MHT, 2020 WL 2139268, at *1 (M.D. Ala. May 5, 2020) (Thompson, J.) (extensively outlining the case history), except to say that McNeal, who pled guilty but then withdrew that plea, was (1) found incompetent to stand trial in 2016;[1] (2) believed to be restored but decompensated and was

---

1. *See United States v. McNeal*, No. 2:15cr199-MHT, 2016 WL 756570 (M.D. Ala. Feb. 26, 2016) (Thompson, J.) (finding McNeal incompetent after an evaluation and hearing for the first time).

2

again found incompetent in 2017;[2] (3) found competent in February 2018;[3] (4) once more found mentally incompetent in June 2018 after again decompensating;[4] (5) again found incompetent in April 2019;[5] and, finally, (6) found non-restorable in early 2020 and therefore subject to the "dangerousness" provisions of 18 U.S.C. § 4246(a).

In its April 2019 opinion, finding McNeal incompetent, the court wrote:

> "Defense counsel informed the court that his expert, psychiatrist Dr. Hans Stelmach, had

---

2. *See United States v. McNeal*, No. 2:15cr199-MHT, 2017 WL 2399578 (M.D. Ala. June 2, 2017) (Thompson, J.) (finding McNeal incompetent for the second time).

3. *See United States v. McNeal*, No. 2:15cr199-MHT, 2018 WL 706488 (M.D. Ala. Feb. 5, 2018) (Thompson, J.) (finding McNeal *competent* for the first time).

4. *See United States v. McNeal*, No. 2:15cr199-MHT, 2018 WL 3023092 (M.D. Ala. June 18, 2018) (Thompson, J.) (finding McNeal incompetent for a third time and noting that, given he had "twice decompensated in local custody, and that this is the third attempt at restoration, the court is concerned not only as to whether he can be restored, but whether he can be restored and stabilized for a sufficient period of time for the court to conduct a trial, and if warranted, to sentence him.").

5. *See United States v. McNeal*, No. 2:15cr199-MHT, 2019 WL 1532228 (M.D. Ala. Apr. 9, 2019) (Thompson, J.) (finding McNeal incompetent).

3

> evaluated McNeal and concluded that he suffered from schizoaffective disorder and was currently incompetent to stand trial. BOP forensic psychologist Adeirdre Stribling Riley informed the government that McNeal, as a result of medication noncompliance, was no longer competent and was now presenting as symptomatic. The court held a competency hearing, during which Dr. Stribling Riley testified that McNeal is currently not competent to proceed due to noncompliance with his psychotropic medication regimen; that, he had recently complied with two administrations of his medication, and that McNeal needs to take a therapeutic level of medication for about two to three months before significant improvement is made. Dr. Stribling Riley requested 120 days for restoration efforts."

*United States v. McNeal*, No. 2:15cr199-MHT, 2019 WL 1532228 (M.D. Ala. Apr. 9, 2019) (Thompson, J.) (cleaned up).

And in its May 2020 opinion finding, after the BOP's efforts at restoration, that McNeal was still not likely to be restored in the foreseeable future, the court wrote:

> "BOP clinician Adeirdre Stribling Riley, Ph.D., states that McNeal's 'current delusional ideation and psychotic thought process are entrenched and are of sufficient severity that he is unable to proceed to trial at this time.' Despite medication compliance over an extended period of time, McNeal continues to exhibit symptoms of psychosis including 'paranoia and delusional ideation.' Dr. Stribling Riley

4

>concludes that it is 'unlikely he will be restored to competency in the foreseeable future despite our extensive efforts.' Neither government counsel nor defense counsel disputed Dr. Stribling Riley's testimony or her report that McNeal is unlikely to be restored to competency in the foreseeable future."

*United States v. McNeal,* No. 2:15cr199-MHT, 2020 WL 2425774, at **1-2 (M.D. Ala. May 12, 2020) (Thompson, J.) (cleaned up). This court further noted that both government and defense counsel agreed that, should this court find McNeal non-restorable, "a United States District Court in North Carolina, where the BOP facility currently housing McNeal is located, will conduct any 'dangerousness' hearing, should the BOP file a certificate of 'dangerousness' pursuant to 18 U.S.C. § 4246(a)." *Id.* at *2.

Three years have passed since the court's 2020 non-restorability determination. Since then, COVID-19 disrupted the country, a dangerousness determination was never made by a North Carolina federal court as to McNeal, and he has remained in the custody of BOP in North Carolina.

5

Most recently, government and defense counsel in the instant case informed this Alabama federal court that they had consulted with government and defense counsel in the North Carolina case, and that all had agreed that government and defense counsel in the instant case would jointly move to have this this court conduct another competency hearing. They informed the court that McNeal now plans to plead guilty again, with a sentence of time served in light of the lengthy time he has already been incarcerated during all these competency proceedings. (Though, if found competent, McNeal may, of course, still choose not to plead guilty and proceed to trial.) In support of their pending motion, government and defense counsel in the instant case indicate that new information has provided cause to believe that McNeal is competent to stand trial and that the proceedings in this case can resume after a competency determination. Specifically, they state that an attorney for the government in North Carolina case "reports that Mr. McNeal presents as competent," and that a new BOP forensic evaluation conducted by Dr. Marina Mukhin states

6

that McNeal's "symptoms of major mental disorder are in remission," Joint Motion (Doc. 333-2) at 21, and Dr. Mukhin concludes that, "There is no indication at present that Mr. McNeal has a major mental disorder." *Id*. at 18.

The court notes, however, that Dr. Mukhin's BOP report was a "dangerousness" evaluation, not a competency evaluation. And the court emphasizes that Dr. Mukhin qualifies that she did not complete "psychological testing" of McNeal. *Id*. at 16.[6]

Nevertheless, because the court in May 2020 found that McNeal could not be restored to competency only to the extent of the "foreseeable future," and did not find that he could never be restored; because of the three-year gap between McNeal's last competency hearing and today; because of the parties' agreement as to how to proceed; and because of the new information provided

---

6. The court is puzzled as to how Dr. Mukhin, without having conducted some "psychological testing," could conclude that, "There is no indication at present that Mr. McNeal has a major mental disorder." Joint Motion (Doc. 333-2) at 16. But, then again, this court is not a medical expert.

7

in the joint motion, the court finds it appropriate to conduct yet another competency evaluation and hearing.

However, based on McNeal's history of repeatedly decompensating, the court reiterates that the issue here is not just "momentary" competency; McNeal must be sufficiently competent to stand trial for all proceedings, including but not limited, as the parties have indicated may happen here, to enter a change of plea and be sentenced. As this court explained in its June 2018 opinion, because McNeal has decompensated repeatedly after being returned to local custody, "the court is concerned not only as to whether he can be restored, but whether he can be *restored and stabilized* for a sufficient period of time for the court to conduct a trial, and if warranted, to sentence him." *United States v. McNeal*, No. 2:15cr199-MHT, 2018 WL 3023092, at *3 (M.D. Ala. June 18, 2018) (Thompson, J.) (emphasized added).

Also, the court added: "If the BOP determines that he can be restored for a sufficient period, the court would like specific recommendations as to what the court,

8

the U.S. Marshal Service, and any other relevant actors can do after McNeal leaves BOP custody in order to ensure that his mental competency is maintained long enough to proceed to trial (which would include sentencing, if warranted)." *Id.*

And McNeal must be competent to appear *in person* for any trial or sentencing. *See,* e.g., Fed. R. Crim. P. 43(a) (requiring physical presence at sentencing). If he is not sufficiently mentally competent to appear in person for court proceedings, barring any physical health challenge, then it stands to reason that he is likely not mentally *stable* enough to stand trial, change his plea, or be sentenced. McNeal must be able to "understand the nature and consequences of the proceedings against him," throughout the normal course and duration of those proceedings--not as a stop and start matter, as has been his history. 18 U.S.C. § 4241(a).

The competency hearing, however, will be conducted virtually.

...

Accordingly, it is ORDERED that:

9

(1) The joint motion to determine competency (Doc. 333) is granted as follows.

(2) The personnel supervising defendant Eldrick Deon McNeal's commitment shall subject him to a formal psychiatric and psychological examination, by a qualified official, or officials, of the United States Bureau of Prisons, consistent with the procedures set forth in 18 U.S.C. § 4247(b), to determine whether he is currently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. As a part of the examination, the official or officials shall address whether, in light of defendant McNeal's previous repeated decompensations, his competency can be maintained and stabilized for a sufficient period to allow him to proceed to a full trial and, if warranted, sentencing; and what mental-health treatment (including medications and counselling) at a local

   facility are necessary in order to maintain his competency for the length of time for trial.

(3) The qualified official, or officials, shall also produce and file with the court, with copies provided to counsel, a final report or reports addressing the following: (a) all the issues identified in paragraph (2) above; and (b), if he is not competent, whether there is a substantial probability that in the foreseeable future he will attain competency.

(4) Upon receipt of the BOP report or reports, the court shall conduct a hearing to determine all the issues in the report or reports, including whether defendant McNeal is "presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or assist properly in his defense," 18 U.S.C. § 4241(d), and all other issues identified in the preceding paragraphs in this order to the extend they are relevant.  The court

11

will set the date and time for the hearing, to be conducted by videoconferencing, after receipt of the report or reports.

(5) The United States Marshal for the Middle District of Alabama is to ensure that defendant McNeal remains at the Federal Correctional Institution in Butner, North Carolina until further order of this court.

DONE, this the 24th day of July, 2023.

                          /s/ Myron H. Thompson
                        **UNITED STATES DISTRICT JUDGE**