IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:15cr199-MHT |
| | ) | (WO) |
| ELDRICK DEON McNEAL | ) | |

OPINION AND ORDER

The question before the court is whether defendant Eldrick Deon McNeal has been restored to competency, that is, whether he still has a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his own defense. *See* 18 U.S.C. § 4241(a).

"This is not the first, nor the second, nor the third time that McNeal's competency has been at issue in this long-running criminal case, which charges him with being a felon in possession of a firearm" in violation of 18 U.S.C. § 922(g)(1). *United States v. McNeal*, No. 2:15cr199-MHT, 2023 WL 4706163, at *1 (M.D. Ala. July 24, 2023) (Thompson, J.); *see also United States v. McNeal*, No. 2:15cr199-MHT, 2020 WL 2139268, at *1 (M.D. Ala. May

5, 2020) (Thompson, J.) (extensively outlining the case history). "The court will not comprehensively survey the procedural history of the case here except to say that McNeal, who pled guilty but then withdrew that plea, was (1) found incompetent to stand trial in 2016; (2) believed to be restored but decompensated and was again found incompetent in 2017; (3) found competent in February 2018; (4) once more found mentally incompetent in June 2018 after again decompensating; (5) again found incompetent in April 2019; and, finally, (6) found non-restorable in early 2020 and therefore subject to the 'dangerousness' provisions of 18 U.S.C. § 4246(a)." *McNeal*, 2023 WL 4706163, at *1 (internal citations omitted).

On July 24, 2023, this court ordered yet another competency evaluation at the parties' request. *See id.* at *3. McNeal was evaluated at the Federal Medical Center in Butner, North Carolina, where he has been housed since 2018. He participated in a competency hearing via videoconference from the Butner facility on October 24, 2023.

2

The latest competency evaluation was performed by Dr. Marina Mukhin.[1]  Her written report was filed under seal with the court.  *See* Psych. Report (Doc. 338).  Although the question for the court is whether McNeal has been *restored* to competency, Dr. Mukhin explained during her testimony that, from the psychologist's perspective, there is no practical difference between examining whether a defendant is competent and whether he has been restored to competency.  Either way, the psychologist must assess whether the defendant experiences a mental disease or defect and can understand the proceedings against him.

In Dr. Mukhin's view, McNeal is now competent to stand trial.  She concluded that any previous psychotic symptoms he endorsed were likely the result of a brief psychotic episode rather than a chronic condition.  McNeal has not exhibited any "psychotic-related symptoms ... since at least April 2020."  *Id.* at 23.  He

---

1. Dr. Mukhin also authored a "dangerousness evaluation" of McNeal in late 2022.  *See* Dangerous Evaluation (Doc. 333-2).

does not presently meet the clinical criteria for any psychotic disorders; he consistently denies experiencing psychotic symptoms and describes himself as "almost perfect." *Id.* at 17. Dr. Mukhin notes that none of his other conditions--which include antisocial personality disorder, borderline intellectual functioning, and a range of substance-related disorders--would constitute a mental disease or defect capable of impairing his competency.

McNeal has previously decompensated upon leaving the Butner facility because of "difficulties obtaining his medications consistently while housed in county jail." *Id.* at 23. Notably, Dr. Mukhin found that his competency no longer depends on compliance with his treatment regimen. At Butner, "his symptoms resolved despite his poor adherence with prescribed medications at the time and following a reduction in the dosage of his medication," which Dr. Mukhin interprets to mean that McNeal no longer experiences a psychotic condition that he needs medication to manage. *Id.* However, she recommends that McNeal continue to take his medicine "to

4

mitigate any potential increased anxiety as a consequence of stress through the legal process." *Id.* at 27.  To the extent his psychotic episode was drug-induced, Dr. Mukhin also recommends that McNeal abstain from illicit substances.  *Id.* at 23.

Additionally, Dr. Mukhin found that McNeal understood the legal process and the charges against him.  He could explain the significance of a guilty plea and understood that he could not plead guilty until the question of his competency was resolved.  He accurately described the role of prosecutors, defense attorneys, judges, and jurors in the courtroom.  He expressed a willingness to consult with his lawyers and could rationally discuss possible plea agreements and sentencing outcomes.

Therefore, based on the evidence presented at an in-person hearing in October 2023 and Dr. Mukhin's psychological report, the court concludes that McNeal does not currently have a mental disease or defect such that he is unable to understand the nature and

5

consequences of the proceedings against him or to assist properly in his defense.

Now that McNeal's competency has been restored, he must be transported from the Butner facility to Montgomery, Alabama, where his criminal proceedings are pending. In ordering his transfer, the court notes that McNeal faced discipline at Butner "after he was suspected of injecting [*sic.*] a piece of paper with an illicit substance on it."[2] Psych. Report (Doc. 338) at 17. This misconduct is of particular concern to the court given Dr. Mukhin's admonition that the "use of illicit substances can cause or exacerbate psychosis." *Id.* at 23. The court is also aware that the local facilities here have struggled to prevent inmates from accessing drug-laced paper sent to them in the mail. Additional measures are warranted to prevent McNeal from obtaining illicit substances after his transfer given his history of decompensating.

---

2. The court assumes the evaluator meant to say that he "ingested" the piece of paper.

6

\*\*\*

Accordingly, it is ORDERED that defendant Eldrick Deon McNeal is declared mentally competent to stand trial in this case.

It is further ORDERED as follows:

(1) The United States Marshal Service is forthwith to return defendant McNeal from the Federal Medical Center, Butner, to a local facility.

(2) Defendant McNeal is to be transferred to a local facility in which he is able to receive his medications as currently prescribed.

(3) As suggested by Dr. Mukhin, the United States Marshal Service must take extra precautions to ensure that defendant McNeal does not have access to illicit substances in the local facility.

DONE, this the 26th day of October, 2023.

              /s/ Myron H. Thompson
            UNITED STATES DISTRICT JUDGE